**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-02325-MSK-CBS

JEFFREY B. SAFFER,

       Plaintiff,

v.

CLUB HOLDINGS, LLC, a Delaware Limited Liability Company,

       Defendant.

---

## STIPULATION AND PROTECTIVE ORDER

---

Each party and each counsel of record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds therefor, state as follows:

1.      The parties in this action anticipate seeking and exchanging Confidential Information (as defined in paragraph 5 below) as part of the preparation of their claims and defenses in this case.  The parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' business or privacy interests.  The parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.      Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will

improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

3.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

4.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

5.      "Confidential Information" shall mean non-public documents or materials that comprise or contain information constituting or relating to trade secrets or to confidential and proprietary information the disclosure of which would implicate common law or statutory privacy interests or result in competitive or other business injury to the disclosing party, such as, without limitation, confidential business information (including, for example, business plans, business strategies, business methods, business records, negotiations, and agreements), financial information (including, for example, budgeting, accounting, and sales and expenditures figures), business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, and distributors), and personnel information (including, for example, compensation, evaluations and other employment information).

6.      Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case.  Counsel for the parties may designate information as

"Confidential" only after a review of the information and based on a good faith belief that it is confidential or otherwise entitled to protection.

      7.    Where Confidential Information is produced, provided, or otherwise disclosed by a party, it shall be designated in the following manner:

      a.    By imprinting the word "Confidential" on the first page or cover of any document produced;

      b.    By imprinting the word "Confidential" next to or above any response to a discovery request; and

      c.    With respect to transcribed testimony, by giving notice of such designation during the testimony whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

      8.    Information designated as Confidential shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

      a.    attorneys actively working on this case;

      b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

#103509 v4 bou

c.      the parties and their directors, officers, or employees to the extent such

disclosure is necessary for preparation, trial or other proceedings in this

case;

d.      expert witnesses and consultants retained in connection with this

proceeding, to the extent such disclosure is necessary for preparation, trial

or other proceedings in this case;

e.      the Court and its employees;

f.      stenographic reporters who are engaged in proceedings necessarily

incident to the conduct of this action;

g.      authors or drafters, addressees, and those who received the documents or

information prior to the commencement of this action, or during this

action if obtained independently and not in violation of this Protective

Order; and

h.      other persons by written agreement of the parties.

9.      Prior to disclosing any Confidential Information to any person listed above under

paragraphs 8.d. and 8.h., counsel shall provide such person with a copy of this Protective Order

and obtain from such person a written declaration in the form attached hereto as Exhibit A

stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All

such declarations shall be retained by counsel and shall be subject to in camera review by the

Court upon a showing of good cause.

10.      A party may object to the designation of particular Confidential Information by

giving written notice to the party designating the disputed information.  The written notice shall

#103509 v4 bou

identify the information to which the objection is made.  If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the party designating the information as Confidential Information to file an

appropriate motion requesting that the Court determine whether the disputed information should

be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed

information shall be treated as Confidential Information under the terms of this Protective Order

until the Court rules on the motion.  If the designating party fails to file such a motion within the

prescribed time, the disputed information shall lose its designation as Confidential Information

and shall not thereafter be treated as Confidential Information in accordance with this Protective

Order.  In connection with a motion filed under this provision, the party designating the

information as Confidential Information shall bear the burden of establishing that good cause

exists for the disputed information to be treated as Confidential Information.

11.     If any party intends to file a pleading or other document with the Court which

contains Confidential Information, that party must first follow the filing procedures set forth in

D.C.COLO. L. Civ. R 7.2, and all other applicable rules and procedures to request that such

Confidential Information be filed under seal.

12.     At the conclusion of this case, unless other arrangements are agreed upon, each

document and all copies thereof which have been designated as Confidential shall be returned to

the party that designated it Confidential, or the parties may elect to destroy Confidential

documents.  Where the parties agree to destroy Confidential documents, the destroying party

shall provide all parties with a declaration confirming the destruction.

13.     By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15.     This Order shall survive the final conclusion of the action, and this Court retains jurisdiction over the parties hereto, and of any person or entity who executes a copy of Exhibit A indefinitely as to any dispute between or among any of them regarding improper use of information disclosed pursuant to this Order.

Dated this 4th day of January 2012.


BY THE COURT:



_s/Craig B. Shaffer_
Craig B. Shaffer
United States Magistrate Judge

#103509 v4 bou

**STIPULATED AND AGREED TO** this 3rd day of January 2012.


*/s/ Jon Saffer*

Jon Saffer

Eugene Kim

Claire Y. Dossier

SNELL & WILMER, L.L.P.

1200 Seventeenth Street, Suite 1900

Denver, CO 80202

Tel.:  303.634.2000

Fax:  303.634.2020

jsaffer@swlaw.com

cdossier@swlaw.com

ekim@swlaw.com


Attorneys for Plaintiff

*/s/ Timothy M. Reynolds*

Timothy M. Reynolds

Christy L. Anderson

BRYAN CAVE HRO

1801 13th Street, Suite 300

Boulder, CO  80302-5259

Tel.:  303.444.5955

Fax:  303.866.0200

timothy.reynolds@bryancave.com

christy.anderson@bryancave.com


Attorneys for Defendant

**EXHIBIT A**

**DECLARATION**

_____, swears or affirms and states under

penalty of perjury:

1.      I have read the Protective Order in *Jeffrey B. Staffer v. Club Holdings LLC,* Civil

Action No. 11-cv-02325-MSK-CBS, a copy of which is attached to this Declaration.

2.      I promise that I have not and will not divulge, or undertake to divulge, to any

person or recording device any Confidential Information shown or told to me except as

authorized in the Protective Order.  I will not use the Confidential Information for any purpose

other than for the civil action referenced above.

3.      For the purposes of enforcing the terms of the Protective Order, I hereby submit

myself to the jurisdiction of the Court in the civil action referenced above.

4.      I will abide by the terms of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on (date): _____

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (_____)_____